UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW TAYLOR,

                    Plaintiff,

v.

CITY OF GLADSTONE, JOHN
SCHMERBER, KYNDRE LUNDQUIST,
GLADSTONE POLICE DEPARTMENT,

                    Defendants.

Case No. 3:26-cv-00361-AR

**ORDER TO AMEND**

_____

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Andrew Taylor, representing himself, filed this lawsuit on February 24, 2026,

alleging a single malicious prosecution claim under 42 U.S.C. 1983. (Compl. at 3, ECF 2.) As

explained below, Taylor's complaint has deficiencies and for this lawsuit to go forward, he must

timely file an amended complaint that corrects those deficiencies.

## BACKGROUND

Taylor resides in Portland, Oregon. He asserts that, on October 30th, 2023, Chief of Gladstone Police John Schmerber came to his home and asked him to take his Halloween decorations down. After he refused, Schmerber and the Gladstone Police Department (GPD) allegedly began "harassing" and "intimidating" Taylor. (Compl. at 4.) In his complaint, Taylor contends that GPD showed up at his home 38 times. He also accuses GPD of "encourag[ing] an unlawful stalking order." (*Id.*)

Taylor alleges that Gladstone City Attorney Kyndre Lundquist brought three charges of disorderly conduct against him. According to Taylor's complaint, the stalking order and disorderly conduct charges were later dismissed. Taylor also asserts that, around May 22, 2024, the City of Gladstone threatened and intimidated his landlord with possible property seizure. Taylor brings a single malicious prosecution claim against Schmerber, GPD, Lundquist, and the City of Gladstone. He seeks $500,000 in emotional distress damages. (*Id.* at 4-5.)

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, when a plaintiff proceeds *in forma pauperis*. For *in forma pauperis* cases, Congress directs that "the court shall dismiss the case at any time if the court determines that the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining

Page 2 – ORDER TO AMEND
*Taylor v. City of Gladstone, et al.*, 3:26-cv-00361-AR

whether a plaintiff's claims are capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.,* 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## DISCUSSION

### A.    *Rule 8*

A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. FED. R. CIV. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A "complaint must provide sufficient allegations of underlying facts to give fair notice and to enable the

---

[1]    *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

Page 3 – ORDER TO AMEND
*Taylor v. City of Gladstone, et al.*, 3:26-cv-00361-AR

opposing party to defend itself effectively." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (simplified).

To state a § 1983 claim, Taylor must allege two essential elements: (1) violation of a constitutional right; and (2) that the violation was committed by a person acting under color of state law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To be individually liable under § 1983, a person must participate in the alleged deprivation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Thus, to sustain a § 1983 claim, Taylor must allege facts, not simply conclusions, indicating each defendant's personal involvement in the deprivation of his civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

Taylor's complaint has several problems that must be corrected in an amended complaint if he wishes to proceed.

### 1. Gladstone Police Department

First, GPD is not a proper defendant under § 1983. While individual state actors, local government units, or municipalities can be sued under § 1983, sheriff or police departments are generally not considered suable entities. *See United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983." (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995))). Should Taylor choose to amend his complaint, he cannot bring a § 1983 claim against GPD.

### 2. City of Gladstone

That said, to bring a viable § 1983 claim against a municipality like the City of Gladstone, Taylor must allege that the City had a policy or custom that was the moving force behind the violation of his rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). Taylor alleges that the City threatened and intimidated his landlord "with possible property seizure." (Compl. at 4.) But it is not at all clear how those allegations tie into Taylor's malicious prosecution claim, much less the policy or custom that was the "moving force" behind that purported constitutional violation. As currently alleged, Taylor fails to plead a plausible theory of liability against the City.

### 3. Malicious Prosecution Claim against the Remaining Defendants

State common law provides the elements of malicious prosecution. *Mills v. City of Covina*, 921 F.3d 1162, 1169 (9th Cir. 2019). In Oregon, to state a malicious prosecution claim in satisfaction of Rule 8, Taylor must allege facts showing: "(1) the institution or continuation of criminal proceedings, (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) lack of probable cause for the proceedings; and (6) injury or damage as a result. *Miller v. Columbia County*, 282 Or. App. 348, 360 (2016)); *accord Cannon v. Polk County/Polk Cnty. Sheriff*, 68 F. Supp. 3d 1267, 1289 (D. Or. 2014) (applying Oregon common law).

"Additionally, to maintain a § 1983 action for malicious prosecution, a plaintiff must show that the defendants prosecuted him for the purpose of denying him [a] . . . specific constitutional right." *Mills*, 921 F.3d at 1169. Federal malicious prosecution claims "are not limited to suits against prosecutors, but may be brought . . . against other persons who have

wrongfully caused the charges to be filed." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). To bring a § 1983 claim against a non-prosecutor (like Schmerber) for a conspiracy to maliciously prosecute, Taylor must also allege specific facts showing that the defendant "controlled the decision-making process of the prosecutor," or "otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987); *Awabdy*, 368 F.3d at 1067.

Against that backdrop, Taylor's complaint has additional deficiencies. Starting with Lundquist, Taylor asserts that the three disorderly conduct charges were "just dismissed." (Compl. at 4.) Although the allegations are thin, Taylor adequately pleads the first, second, and third elements of his malicious prosecution claim. But Taylor fails to put forth facts showing that Lundquist acted with malice or that there was a lack of probable cause. As to injury, Taylor asserts generally that "all of this" has caused him emotional distress, but he does not tie Lundquist's actions to that alleged harm. (*Id.* at 5.) Taylor also fails to plausibly allege that Lundquist prosecuted him for the purpose of denying him equal protection or another specific constitutional right. As to Schmerber, Taylor neglects to plead that he controlled the decision-making process of Lundquist or otherwise participated in Taylor's prosecution in bad faith, in addition to the defects already noted. *McCarthy*, 827 F.2d at 1316; *Awabdy*, 368 F.3d at 1067.

**B.    *Statute of Limitations***

The relevant statute of limitations for § 1983 claims is the forum state's statute of limitations for personal injury actions. *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019). The Oregon statute of limitations for personal injury actions is two years. OR. REV. STAT. (ORS) § 12.110(1)). Malicious prosecution claims do not accrue until the criminal proceeding is

terminated in the plaintiff's favor through acquittal, dismissal, or otherwise. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (9th Cir. 1998). Here, Taylor alleges that Lundquist brought the disorderly conduct charges "on or about March 2024" and that those charges were "just dismissed." (Compl. at 4.) Although it is likely that Taylor is within the applicable statute of limitations, it is not immediately clear from the face of his complaint. Should Taylor choose to amend, he should provide the specific date of dismissal.

## CONCLUSION

To to avoid dismissal of his lawsuit, Taylor must file an AMENDED COMPLAINT by **April 13, 2026** with sufficient factual allegations to demonstrate that his claim is plausible and that the statute of limitations has not run. Taylor's motion for leave to proceed *in forma pauperis* (ECF 1) is GRANTED, however, the Clerk of Court must not issue process until further order of the court. The court defers ruling on Taylor's motion for appointment of pro bono counsel (ECF 3) until he has amended his complaint in compliance with this order.

DATED: March 12, 2026

_____
JEFF ARMISTEAD
United States Magistrate Judge